### EXTENT OF LIABILITY OF BONDSMEN IN ATTACHMENT.

Circuit Court of Cuyahoga County.

THE WILLIAMS EDWARDS COMPANY v. MAX GOLSTEIN.*

Decided, May 20, 1907.

*Attachment—Bondsmen Liable Only for Value of Property Taken.*

The signers of a bond given in an attachment proceeding under the provisions of Section 6513, Revised Statutes, are liable only for the value of the property attached and not to the extent of the judgment which may be secured in the case.

*Klein & Harris,* for plaintiff in error.
*Peskind & Perris,* contra.

MARVIN, J.; HENRY, J., concurs.

The only question in this case is whether a bond given in an attachment proceeding under Section 6513, Revised Statutes, binds the obligors in the bond for the payment of whatever

---

*Affirmed; *Edwards Co.* v. *Goldstein.* 80 Ohio State, 303.

judgment may be recovered in the action, or whether it simply binds the obligors to the extent of the property attached. The court of common pleas held the obligation to be the latter.

On the part of the plaintiff in error attention is called to a decision of the Court of Common Pleas of Hamilton County, rendered by Judge Pfleger in the case of *Margaret McCartney* v. *Ed. H. Williams*, 3 O. L. R., 692, in which, in a well considered opinion the contrary doctrine is held. That opinion with the authorities cited in it, impresses us as having much merit, and but for the fact that the circuit court of the second circuit has held otherwise, in the absence of any direct holding by the Supreme Court, we should be inclined to follow the reasoning in that case. In the circuit court last referred to, in the case of *Saxton* v. *Clymire*, 3 C. C., 209, Judge Shauck, of the Supreme Court, distinctly holds the contrary; and the same court sitting in Franklin county in the case of *Ross* v. *The Miller Merchant Tailoring Company*, reported in 7 C. C., 51, also holds that the bond simply binds the obligors to the extent of the property taken in attachment.

In view of these two decisions, and as has already been stated, in the absence of any decision directly in point, of the Supreme Court, we affirm the judgment of the court of common pleas.